UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abram Hernandez Medina (A-Number: A-221-166-805),<br><br>Petitioner,<br><br>v.<br><br>ORESTES CRUZ, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, U.S. Attorney General of the United States; MINGA WOFFORD, Facility Administrator of Golden State Annex Detention Center; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, acting in their official capacities,<br><br>Respondents. | No.  1:26-cv-02007-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Abram Hernandez Medina is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366

1

(E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 7. Respondents state that while they do not have legal arguments to distinguish this case from prior orders issued by the Court, there are key factual differences. Doc. 8 at 2. Respondents indicate that, on or about February 13, 2026, Immigration and Customs Enforcement ("ICE") was informed that petitioner had an arrest warrant in Mexico for aggravated rape, that ICE was not previously aware of that information, and that ICE thereafter re-detained petitioner.[1] *Id*. The fact that petitioner is facing a serious criminal charge in Mexico may be highly relevant to a detention determination under § 1226(a), but respondents do not argue the charge shifts the statutory authority to detain petitioner to 8 U.S.C. § 1226(c). While the Mexican arrest warrant and charge may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's right to a bond determination. Respondents do not identify any other distinctions between this case and the Court's prior decisions and do not raise any new arguments. *See* Doc. 8 at 2–4.[2]

As respondents have not made any new legal arguments and have not identified any

---

[1] Respondents provided a copy of the arrest warrant and probable cause statement to the petitioner, who alleges that he was not aware of the allegations against him until he was in ICE custody. *See* Docs. 8-1, 11, 12. Petitioner disputes the allegations in the arrest warrant and probable cause statement. Doc. 12.

[2] Respondent also requests, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025, or *Benavides Carballo v. Andrews*, No. 25-6533 (9th Cir.), which concerns an as-applied constitutional challenge to detention under § 1226(c). *See* Doc. 8 at 4. But respondents do not argue that petitioner is subject to § 1226(c) and immigration officials previously released petitioner after implicitly determining that he did not pose a flight risk or a danger; the issue is whether the Due Process Clause requires that respondents provide petitioner with a bond hearing. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance.

pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondent is ORDERED to provide petitioner Abram Hernandez Medina (A-Number: A-221-166-805) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  At that bond hearing, it is the government's burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.[3]

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   April 10, 2026

UNITED STATES DISTRICT JUDGE

---

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3